## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| Maria Vinas, *on behalf of herself and all others similarly situated*, : : : | Civil Action No.: 8:14-cv-3270 |
| Plaintiff, : | |
| v. : | |
| Chase Receivables, Inc., : : | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. : : : : | |

## CLASS ACTION COMPLAINT

Plaintiff, Maria Vinas, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### JURISDICTION

1.      Plaintiff, Maria Vinas ("Plaintiff"), brings this class action for damages seeking redress for the unlawful and fraudulent debt collection practices of Defendant, Chase Receivables, Inc.  ("Chase").  Chase conducts its debt collection business in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") by imposing and charging a "convenience fee" to consumers for paying through Defendant's website.

2.      This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, as the claims alleged against Defendant arises under the FDCPA.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant regularly transacts business in this District, and a substantial portion of the acts giving rise to the action occurred in this District.

## PARTIES

4.      Plaintiff is an adult individual residing in Takoma Park, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Chase Receivables, Inc. ("Chase") is a California business entity with its principal place of business at 1247 Broadway, Sonoma, CA 95476.  As of October 15, 2014, Chase's status with the California Secretary of State was "FTB SUSPENDED," meaning "[t]he business entity was suspended . . . by the Franchise Tax Board for failure to meet tax requirements (e.g., failure to file a return, pay taxes, penalties, interest)."  *See* Exhibit A.

6.      Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, consumer debt owed or due, or asserted to be owed or due, as one of their principal areas of business.  As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

7.      Plaintiff allegedly incurred a financial obligation (the "Debt") to Healthport (the "Creditor").

8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and therefore meets the definition of a "debt" as defined by 15 U.S.C. § 1692a(5).

9.      Upon information and belief, the Debt was purchased by or assigned to Chase.

10.      Chase attempted to collect the Debt and, as such, engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

**B.**    <u>**The Collection Fee**</u>

11.    In or about September, the Plaintiff received a collection letter from Chase dated September 18, 2014 ("the Letter").  A copy of the Letter is annexed hereto and made a part of this Complaint as <u>Exhibit B</u>.

12.    The Letter stated that Plaintiff owed a $26.56 debt to Creditor and that the Letter was an attempt to collect the debt.  The letter listed "credit card" and "post-dated electronic payments" as available methods of payment.

13.    On or about September 29, 2014, Plaintiff went on Chase's website to pay the $26.56 debt and was informed that Chase charges a "processing" and "convenience fee" of $14.95 on debts paid online.  The relevant portions of the website page are produced herewith:

14.    On October 3, 2014, Plaintiff paid the debt online and incurred the $14.95 fee.  A copy of her payment confirmation page is attached as <u>Exhibit C</u>.

3

**C.**     **Plaintiff Suffered Actual Damages**

15.     Plaintiff has suffered and continues to suffer actual damages as a result of the

Defendant's unlawful conduct.

16.     Plaintiff paid the $26.56 debt online and was charged the additional fee of $14.95.

*See* Exhibit C.

<h2 style="text-align:center">CLASS ACTION ALLEGATIONS</h2>

**A.**     **The Class**

17.     Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules

of Civil Procedure on behalf of herself and all others similarly situated.

18.     Plaintiff's proposed Classes are as follows:

> **Class 1.** **All persons from whom Defendant attempted to collect a convenience fee within one year prior to the filing of the complaint where such fee was not authorized by the agreement creating the debt or by law.**

> **Class 2.** **All persons from whom Defendant collected a convenience fee within one year prior to the filing of the complaint where such fee was not authorized by the agreement creating the debt or by law.**

19.     Excluded from these definitions are (a) defendant, its corporate parents, subsidiaries,

and affiliates, or any person controlled or controlling such excluded persons, including their legal

representatives, heirs, successors and assigns; and (b) all persons whose claims arose outside the

applicable statute of limitations.

**B.**     **Numerosity**

20.     Upon information and belief, Chase has presented and collected materially

identical or substantially similar unauthorized collection fees to hundreds of consumers

throughout Maryland..  The members of the Class, therefore, are believed to be so numerous that

joinder of all members is impracticable.

21.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Chase's collection records.

**C.     Common Questions of Law and Fact**

22.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

23.     The questions of law and fact common to the Class concern whether the collection fee violates the FDCPA, 15 U.S.C. §§ 1692e, e(2), e(10), and 1692f and f(1).

24.     The following questions of law and fact, common to the Class members, are ripe for determination:

(a)     Whether Defendant violated 15 U.S.C. § 1692e(2) by falsely representing that it could lawfully receive compensation for the collection of a debt;

(b)     Whether Defendant violated 15 U.S.C. §§ 1692e and e(10) by engaging in false and deceptive debt collection practices;

(c)     Whether Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by agreement or permitted by law;

(d)     Whether Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable debt collection practices; and

(e)     Whether Defendant engaged in fraud.

25.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely presents unauthorized collection fees identical or substantially similar to the one presented to and incurred by her, Plaintiff and the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**D.**     **Typicality**

26.     Plaintiff's claims are typical of the claims of the Class since each of the claims arises from the same or a substantially similar unauthorized fee presented and/or charged by Chase.

**E.**     **Protecting the Interests of the Class Members**

27.     Plaintiff will fairly and adequately represent Class interests.

28.     All Class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

29.     Plaintiff has retained counsel experienced in litigating class actions and debt collection abuse claims and who stands ready, willing, and able to represent the Class.

**F.**     **Proceeding Via Class Action is Superior and Advisable**

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Congress specifically provided for the commencement of class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k.

31.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

32.     The members of the Class are generally unsophisticated individual whose rights will not be vindicated absent a class action.

33.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

34.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible

standards of conduct for Defendant and other debt collectors.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

35.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**
**Violation of the FDCPA, 15 U.S.C. § 1692e(2)**
**(Applicable to Class 1 and Class 2)**

36.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

37.     15 U.S.C. §  1692e(2) provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)  The false representation of— . . .**
        **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

38.     Defendant's online payment center falsely represents to the consumer that the fee charged by Defendant is lawful.

39.     The fee is not authorized by agreement or otherwise permitted by law and is therefore unlawful.  *See Quinteros v. MBI Associates, Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting *Tuttle v. Equifax Check*, 190 F.3d 9, 13 (2d Cir. 1999)) ("*If state law neither affirmatively permits nor expressly prohibits services charges*, a service charge can be imposed only if the customer expressly agrees to it in the contract.") (emphasis in original).

## COUNT II
## Violation of the FDCPA, 15 U.S.C. §§ 1692e and e(10)
## (Applicable to Class 1 and Class 2)

40.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

41.     15 U.S.C. § 1692e(10) provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

42.     Defendant's online payment center represents to the consumer that Defendant may legally collect the fee.

43.     This is false, in violation of 15 U.S.C. §§ 1692e and e(10).  Plaintiff and the Class are therefore entitled to recover damages.

## COUNT III
## Violation of the FDCPA, 15 U.S.C. §§ 1692f and f(1)
## (Applicable to Class 1 and Class 2)

44.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45.     15 U.S.C. § 1692f(1) provides:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

46.     The fee charged by Defendant is not authorized by agreement or otherwise permitted by law; therefore its imposition is a violation of 15 U.S.C. §§ 1692f and f(1).

8

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, and against Defendant as follows:

A)      Statutory damages pursuant to 15 U.S.C. § 1692k;

B)      Reasonable attorney's fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692k(a)(3);

C)      Actual damages;

D)      Punitive damages;

E)      Declaring that the practices of Defendant as detailed herein violate the FDCPA; and

F)      Granting such other and further relief this Court deems just and appropriate.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 20, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
*Attorneys for Plaintiff*