# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

MARIA VINAS            :

                Plaintiff,     :

v.                                    :      Civil Action No.: 8: 14-cv-03270-DKC

CHASE RECEIVABLES, INC.    :

                Defendant.    :

## DEFENDANT CHASE RECEIVABLES, INC'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND MEMORANDUM OF LAW

COMES NOW, the Defendant, Chase Receivables, Inc., by its attorneys Jordan M. Spivok and Protas, Spivok & Collins, LLC, and files this Motion to Dismiss pursuant to F.R.C.P. 12(b)(1), and avers the following:

**(A)**    **Factual Background.**

1. This matter arises out of allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C § 1692a, *et seq.* (the "FDCPA"), in attempting to collect an unpaid bill from Plaintiff. On or about October 20, 2014, Plaintiff filed a three-count class action complaint against the Defendant. Counts I, II, and III allege that Defendant violated the FDCPA.

2. The factual support for each claim is the same, i.e., Defendant attempted to collect a "processing" and/or a "convenience fee" of $14.95 for debts paid online. See, Complaint at paragraphs 12 and 13.

3. Plaintiff's prayer for relief seeks statutory damages pursuant to Rule 15 U.S.C. § 1692k, reasonable attorney fees, actual damages, punitive damages and for such other relief as this Court deems just and reasonable.

4. On December 15, 2015, Defendant sent via email and regular mail a F.R.C.P. 68 Offer of Judgment offering Plaintiff statutory damages of $1,001.00, actual damages of $500.00, costs, and reasonable attorney fees. There were no other conditions attached to the offer except that it was in full and complete satisfaction of Plaintiff's claims against the Defendant. **See**, Exhibit A to Declaration of Counsel. On the same day, Plaintiff expressly rejected the offer. **See**, Exhibit B to Declaration of Counsel.

5. Defendant's offer renders moot Plaintiff's FDCPA claims. As such, the case must be dismissed for lack of jurisdiction pursuant to F.R.C.P. 12(b)(1).

**(B) Legal Analysis.**

**1. Standard for deciding 12(b)(1) motions.**

"There are two critical different ways in which to present a motion to dismiss for lack of subject matter jurisdiction". *Adams v. Bain*, 697 F. 2d 1213, 1219 (4th Circuit 1982).

The first way is a "facial attack" which requires a court to evaluate a pleading and determine if the Plaintiff has sufficiently alleged a basis for subject matter jurisdiction. The second method is "factual attacks," which challenge the existence of subject matter jurisdiction. The attack in this case is a "factual attack" which questions the demonstrable fact of subject matter jurisdiction and, "... irrespective of the pleadings, and matters outside the pleadings... are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). As such, "the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, 843 F. Supp. 2d. 598, 603(D. Md. 2012). Since the attack in this case is factual, "...no presumptive truthfulness attaches to Plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims" *Id*. An allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or

forfeited. See, *U.S. v. Cotton,* 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

In the case before this Honorable Court, Defendant moves for dismissal of the Plaintiff's complaint, under Rule 12(b)(1) because the FDCPA claim is moot as Plaintiff has been offered the maximum damages recoverable if violations are proven under the FDCPA. Thus, Plaintiff no longer has an ongoing controversy with the Defendant under that statute. There is nothing more available to Plaintiff for litigating her federal claim. Therefore, Plaintiff no longer has a continuing personal economic stake in the outcome of that portion of the lawsuit. Accordingly, this Court must dismiss Plaintiff's FDCPA claims for lack of subject matter jurisdiction.

### 2. No case or controversy exists between the parties with regard to Plaintiff's FDCPA claims.

Federal District Courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the constitution and federal statute. *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." Absent a justiciable case or controversy, a federal court lacks the power to render advisory opinions in general and specifically to resolve the legal rights of litigants in such matters. The case or controversy requirement must continue to exist throughout the entire litigation in order to sustain jurisdiction. ("the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corporation,* 494 U.S. 472, 477 (1990).

A case may be rendered moot "when the claimant receives the relief he or she sought to obtain through the claim." *Friedman's, Inc. v. Dunlap,* 290 F. 3d 191, 197 (4th Cir. 2002). Generally, a settlement offer of complete relief, whether or not accepted by the Plaintiff, will moot a claim. See, *Zimmerman v. Bell,* 800 F. 2d 386, 390 (4th Cir. 1986).

It is true that other rules may be considered with respect to mootness as it applies to a class

a class action situation, i.e., *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 974 F. Supp. 2d 856 (D. Md, 2013). The *Supreme Court in Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013), found that an offer of judgment to the only named plaintiff rendered both the individual and class action claims as moot. Thus, the United States Supreme Court held directly that a Plaintiff must have Article III standing at all stages of the litigation. Where an action is mooted during the course of litigation, the case must be dismissed, even if the Plaintiff purports to serve as a representative of unnamed parties. *Id.* at 133 S. Ct. at 1529. If the Plaintiff's claim is moot, then Plaintiff has no personal stake in representing unnamed parties. See, Genesis, 133 S. Ct. at 1532.

To be sure, there is a split among the circuits concerning the issue of a Rule 68 offer of judgment "mooting" a class action complaint and depriving the court of subject matter jurisdiction. See, Damasco v. Clearwire Corp, 662 F. 3d 891 (7th Circuit 2011). Despite the Supreme Court's charting a roadmap for the lower courts to follow and thus sending a clear signal as to which way the court was leaning towards on the issue of mootness in the context of a class action complaint, the Kensington court, supra, chose to distinguish its case from the Genesis holding.

In this district, the court in Kensington Physical Therapy, supra, embraced a different path. While hostile or adverse decisions of other district courts in other jurisdictions, or even within the same district, are not binding, the distinctions between the Kensington case, supra and the case at bar are patently clear and straight forward.

The Kensington lawsuit arose under the Telephone Consumer Protection Act ("TCPA") involving unsolicited facsimile transmissions. In this suit, the matter arose from an alleged violation of the FDCPA when Plaintiff elected to pay her indebtedness via an electronic payment and was informed in advance that a charge of $14.95 would be incurred similar to the typical

4

shipping/handling/delivery charges imposed by retailers upon consumers who desire to shop online.

The parties in Kensington were commercial business rivals competing for the same customer/patient base derived from the same pool. These business rivals have multiple offices and the closest office to each other is a mere 45 miles apart. In the case under consideration, the action involves a New York debt collection firm and a Maryland consumer. [1]

Significantly, in the Kensington case, the alleged violation arose from Defendant's <u>unsolicited</u> facsimile transmissions to the Plaintiff. In the case under consideration, the Plaintiff knowingly and voluntarily chose to visit to Defendant's website and elected to pay her bill online thereby incurring the fully disclosed "convenience fee" which is at the heart of the issue. Plaintiff, as the least sophisticated consumer, unequivocally and most certainly could have paid her bill, without incurring this charge had she elected to pay by either check, money order, cash or a bank wire or by way of Western Union payment. Her choices were varied and the decision to pay electronically was of her own volition.

Lastly, the Kensington court was clearly troubled by the over 2 year delay since the filing of the complaint due in large part to the Defendant's various procedural tactics. In the case at bar, the Rule 68 offer of judgment was tendered approximately 2 months after the complaint was filed and was further expressly rejected on the very same day that it was offered. See, Exhibits A and B attached to the Declaration of Counsel.

### 3. Defendant has offered and Plaintiff has rejected all damages that she would be entitled to recover under the FDCPA should the violations be proven.

Under the FDCPA, Plaintiff can recover no more than $1,000.00 in statutory damages per action, regardless of the number of violations proven. *Harper v. Better Business Services, Inc.*, 961

---

[1] The correct legal name of the Defendant is Credit Bureau of Napa County d/b/a Chase Receivables.

5

Defendant has offered Plaintiff to have judgment entered against it for statutory damages of $1,001.00, plus actual damages of $500.00, besides costs and reasonable attorney fees. If Plaintiff proves violations of the FDCPA, her damages are limited to the $1,001.00 under the FDCPA, plus her actual damages of $14.95 as alleged in paragraph 14, 15 and 16. In addition, Plaintiff was offered reasonable attorney fees as well as the costs of this action. Distilled to its essence, Defendant has offered Plaintiff more than the relief Plaintiff could obtain under the FDCPA even if successful in prosecuting this action.

### 4. The Rule 68 offer of judgment was a complete and unconditional one.

Once the Rule 68 Offer of Judgment is extended, the offer of judgment is complete and whatever case or controversy existed at the time of the filing of the complaint, is thereby extinguished by such provided the offer extended complete relief of Plaintiff's FDCPA claims.

In this case, the offer was unconditional and included the maximum statutory damages, actual damages, costs and reasonable attorney fees. With respect to the offer of actual damages, Plaintiff has succinctly articulated that to be the convenience fee of $14.95. Nothing more has been plead, and under the pleading requirements of Ashcraft v. Iqbal, 556 U.S. 662, 129 S Ct. 01937, 173 L. Ed. 2d 868 (2009), while detailed factual allegations are unnecessary, common sense and experience may be applied to the actual damage allegations found in paragraphs 15 and 16 of Plaintiff's Complaint.

Plaintiff alleges she suffered actual damages, however, the Complaint is completely silent except to the extent Plaintiff "...was charged the additional fee of $14.95". See, Paragraph 16 of Complaint. There are no allegations of physical or emotional damages nor of any other pecuniary losses. The Rule 68 offer of actual damages extended to Plaintiff was for $500.00, an amount nearly 33 times more than the $14.95 sought.

In the case sub judice, the Rule 68 Offer of Judgment satisfies the "completeness"

6

requirement as discussed in *Simmons v. United Mortgage and Loan Inv., LLC*, 634 F.3d 754 (4th Cir. 2011). A perusal of the Rule 68 Offer of Judgment in the case at bar, leads inexorably to the conclusion that the offer is unconditional, imposes no confidentiality requirement, affords more than what Plaintiff would be entitled to if she prevails under her FDCPA claims, and includes an offer for entry of judgment. Thus, the Rule 68 Offer of Judgment moots the named Plaintiff's claims as well as the purported class thus depriving the court of a true case or controversy and thereby divesting it of subject matter jurisdiction.

## CONCLUSION

Defendant has offered Plaintiff more than she is entitled to recover under the FDCPA. As such, this court no longer has jurisdiction over this matter and Plaintiff's action must be dismissed.

WHEREFORE, the Defendant respectfully requests an Order from this Court dismissing this case for lack of subject matter jurisdiction.

Dated: December 22, 2014

Respectfully submitted,

PROTAS, SPIVOK & COLLINS, LLC

By: /s/ Jordan M. Spivok
Jordan M. Spivok, Esquire
BAR #: 01253
4330 East West Highway, Suite 900
Bethesda, Maryland 20814
(301) 469-3602
(301) 469-3635- *facsimile*
jspivok@psclaw.net
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court who will send notice of electronic filing to all counsel of record, this 22 day of December, 2014.

/s/ Jordan M. Spivok
Jordan M. Spivok