IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIA VINAS
*on Behalf of Herself and All*
*Others Similarly Situated*

    v.                  :   Civil Action No. DKC 14-3270

CHASE RECEIVABLES, INC.    :

### MEMORANDUM OPINION

Presently pending in this putative class action brought under the Fair Debt Collection Practices Act ("FDCPA") is Defendant's motion to dismiss for lack of jurisdiction. (ECF No. 10). Plaintiff opposed the motion. (ECF No. 13). No hearing is deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

Plaintiff filed her complaint on October 20, 2014, contending that the processing or convenience fee for payment of debts online violates the FDCPA. She sued on her own behalf as well as on behalf putative class members:

> Class 1. All persons from whom Defendant attempted to collect a convenience fee within one year prior to the filing of the complaint where such fee was not authorized by the agreement creating the debt or by law.

> Class 2. All persons from whom Defendant collected a convenience fee within one year prior to the filing of the complaint where such fee was not authorized by the agreement creating the debt or by law.

Instead of answering, Defendant extended a Rule 68 offer of judgment on December 15, 2014, which Plaintiff rejected. Then, on December 22, 2014, Defendant moved to dismiss, contending that the offer of judgment rendered Plaintiff's individual claim moot and that the entire action should be dismissed.

A case is moot when a plaintiff receives all the relief sought in the complaint. *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 880 F.Supp.2d 689, 693 (D.Md. 2012) ("*Kensington I*") (*citing Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002). Sometimes, an offer of settlement or judgment is deemed to constitute complete relief, even if not accepted by the plaintiff, and thus to moot a complaint. *Id*. (*citing Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986)). Here, of course, there is a complicating factor because Plaintiff seeks to represent others in a class action. There is no binding, clear authority in this circuit on whether an unaccepted offer of judgment (if it offers complete relief to the named plaintiff), prior to the filing of a motion for class certification, moots the action. District courts in this circuit have consistently ruled that the putative class action is not rendered moot in this situation.

Citing *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004), Judge Williams held in *Kensington I*, 880 F.Supp.2d.

at 694, that, absent undue delay in filing a motion for class action certification, the relation back doctrine saves a case from becoming moot. Later, in *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 974 F.Supp.2d 856, 862 (D.Md. 2013) ("*Kensington II*"), Judge Williams noted:

> At least four circuit courts have recognized the relation back doctrine as an exception to mootness in the class action context.[3] These cases propose that a complete settlement offer made before the plaintiff files a motion for class certification does not moot the putative class action provided that the plaintiff move for class certification within a reasonable time after discovery. The Seventh Circuit embraced the contrary view in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). In *Damasco*, which arose under the TCPA [Telephone Consumer Protection Act], the court held that a complete settlement offer made before the plaintiff moved for class certification mooted the plaintiff's putative class action. *See id*. at 895–96.
>
> [3] *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir.2011) ("[W]e hold that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1092 (9th Cir. 2011) ("[W]e hold that an unaccepted Rule 68 offer of judgment — for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification — does not moot a class

action."); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 (5th Cir. 2008) ("[W]hen a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment."); *Weiss*, 385 F.3d at 348 ("Absent undue delay in filing a motion for class certification, ... where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.").

The Supreme Court's decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1529 (2013), does not undermine that conclusion. *Genesis* involved a collective action under the FLSA, rather than a class action, and the Court explicitly stated that class actions are "fundamentally different" from collective actions.

Accordingly, even if the Rule 68 Offer of Judgment constitutes full relief for Plaintiff, the unaccepted offer does not moot this case as long as Plaintiff does not unduly delay in filing a motion for class certification. Defendant's motion will be denied.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge

4