UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---

Maria Vinas, *on behalf of herself and all others similarly situated*,

        Plaintiff,

v.

Credit Bureau of Napa County, Inc. d/b/a Chase Receivables,

        Defendant.

Civil Action No.: 8:14-cv-03270-DKC

---

**FINAL APPROVAL ORDER AND FINAL JUDGMENT**

---

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff Maria Vinas ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant Credit Bureau of Napa County, Inc. d/b/a Chase Receivables ("Chase Receivables"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and Chase Receivables.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons from whom Credit Bureau of Napa County, Inc. d/b/a Chase Receivables, collected a "convenience fee", "transaction fee", or any other type of similar service fee, through the PDC payment processing system from October 20, 2013, through May 31, 2015.

Specifically excluded from the "Settlement Class" are all officers, members, partners, managers, directors, and employees of Chase Receivables and legal counsel for all parties to this action, as well as all persons whose claims were previously settled with Chase Receivables before service of the Class Action Complaint.

3. Based on the Parties' submissions: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and include whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.*, by charging "convenience", "transaction", or other similar fees, to Plaintiff and Settlement Class members; (C) the Plaintiff's claims are typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Sergei Lemberg and Stephen Taylor, are appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 57,831 Settlement Class members by First Class, Inc., the third-party settlement administrator. A total of 6,842 envelopes were returned by the United States Postal Service, 1,156 of which were returned with forwarding addresses and re-mailed. Eleven (13) Settlement Class members requested exclusion, and 1 objection was filed or received (Doc. No. 103).

5. On February 10, 2017, the Court held a final approval hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are the following who timely and validly requested exclusion:

- Wilson Marin of Woonsocket, RI
- Richard W. Ackermann of Maple Shade, NJ
- Ludmila Shamraevsky of Pittsburgh, PA
- Karen J. Ostrander of Easton, PA
- Carol A. Coates of Dunkirk, MD
- Josephine King of Temple Terrace, FL
- Robert Lanford of Landrum, SC
- Mary Dorsey of Monroe, GA
- Melanie J. Scaggs of Mansfield, OH
- Schalea Alvarez of Needville, TX
- Butler Dennis of Ferron, UT
- Corey D. Wicks of Charlottesville, VA
- Richard Kolar of Argos, IN

6. The Court finds that provisions for notice to the class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

(a) Defendant will create a class settlement fund of $237,500.00 ("Class Recovery"), which the settlement administrator will distribute *pro rata* among Settlement Class Members who did not exclude themselves and who timely returned a valid claim form ("Claimants") up to $70.00 per each claiming member. Participating Settlement Class Members (those who submitted timely and valid claim forms, will receive their share of the Class Recovery by check. Checks issued to

Participating Settlement Class Members will be void sixty (60) days from the date of issuance (the "Void Date"). If any portion of the Settlement Class Recovery remains after the void date on the Participating Settlement Class Members' checks, such portion shall be applied to payment of administrative costs. If any amounts then remain in the Settlement Fund, the Parties agree that such amounts will go *cy pres* to a mutually agreeable organization approved by the Court.

(b) Chase Receivables shall pay Plaintiff $1,000.00 for resolution of her individual claim and shall pay Plaintiff $3,000.00 as an incentive award for her efforts on behalf of the Settlement Class.

(c) Class Counsel will receive attorneys' fees and costs in the amount of $150,000.00. Class Counsel will not request additional fees or costs from Chase Receivables or the Settlement Class members.

8. The Parties and the Settlement Class members grant the following releases:

(a) Plaintiff and each Settlement Class member who has not effectively opted out of the Settlement Agreement shall forever release and discharge Chase Receivables, its respective shareholders, representatives, heirs, fiduciaries, administrators, executors, trustees, conservators, directors, officers, members, partners, attorneys, employees, predecessors-in-interest, successors-in-interest and assigns (collectively the "Chase Released Persons"), from any and all Released Claims, agrees that they are enjoined from pursuing any Released Claims against the Chase Released Persons and covenants not to initiate any action against the Chase Released Persons for any and all Released Claims.

(b) Chase Receivables shall forever release and discharge Maria Vinas, her present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the litigation.

(c) Each Releasor shall be deemed to have agreed that it waives and releases, with respect to the claims to be released by it pursuant to this Agreement, any and all provisions, rights and benefits conferred either (i) by § 1542 of the California Civil Code, which reads: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," or (ii) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11. The Settlement Administrator, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, is to file a certification apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed.

12. Ten (10) days after the filing of the notice contemplated in ¶ 11 above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or Chase Receivables.

13. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

14. The Court retains exclusive jurisdiction to interpret and enforce the terms and provisions of the Agreement and this order.

15. The Parties are hereby ordered to comply with the terms of the Agreement and this order.

**IT IS SO ORDERED:**

_/s/ Deborah Chasanow_
**DEBORAH K. CHASANOW**
**UNITED STATES DISTRICT COURT**

Dated: Feb 22, 2017